UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., Four Limited Parkway Reynoldsburg, Ohio 43068 | : : : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| THOMAS PINK LIMITED, 1 Palmerston Court Palmerston Way London SW8 4AJ United Kingdom | : : : : : : : | Civil Action No.: 2:14-cv-42 Judge: Jury Trial Demanded |
| and, | : : | |
| THOMAS PINK, INC. 19 E. 57th Street, 19th Floor New York, New York 10022 | : : : : | |
| Defendants. | : : | |

---

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. ("Plaintiff," "Victoria's Secret," or "VS") by and through its attorneys, brings this action for declaratory judgment and alleges against Defendants THOMAS PINK LIMITED and THOMAS PINK, INC. (hereinafter, collectively "Defendants" or "Thomas Pink") as follows:

### NATURE OF THE ACTION

1.     Victoria's Secret seeks a declaration that its use and registration of "VICTORIA'S SECRET PINK" and related "PINK" trademarks and trade names does not infringe or violate Defendants' rights in any way.  Beginning in May 2013, Defendants have

engaged in a pattern of conduct, which under the circumstances, has given Victoria's Secret a reasonable apprehension of litigation. On May 10, 2013, Thomas Pink Limited sued Plaintiff's related company Victoria's Secret UK Limited in the Patents County Court in the United Kingdom (the "U.K. Action"), claiming that VS' use of "VICTORIA'S SECRET PINK" infringes its rights. Further, subsequent to the filing of the U.K. Action, Thomas Pink has expanded its cross-border aggressions against VS into a global "PINK War," by threatening to oppose and opposing VS' applications to register its trademarks in foreign countries, including the European Community, the Philippines, Hong Kong, Singapore, Cyprus, Argentina, Brazil, Chile and South Korea. The pleadings and proceedings in the U.K. Action, along with the international trademark opposition proceedings, and the additional circumstances set forth herein, place VS at imminent risk of being sued on the same grounds in the U.S. Accordingly, VS brings this action to clarify the rights of the Parties, allowing them to continue the peaceful coexistence that has been in place for many years.

### THE PARTIES

2.      Plaintiff is a Delaware corporation with offices at Four Limited Parkway, Reynoldsburg, Ohio 43068, and is qualified to do business and is doing business in the State of Ohio and in this judicial district.

3.      On information and belief, Defendant Thomas Pink Limited is a British company incorporated on March 5, 1986, having its principal place of business in London, England, and is transacting business in the State of Ohio and in this judicial district.

4.      On information and belief, Defendant Thomas Pink, Inc. is a Delaware corporation with its principal place of business in New York, New York. Upon information and belief, Thomas Pink, Inc. is a subsidiary of Thomas Pink Limited and is transacting business in the state of Ohio and in this judicial district.

<u>JURISDICTION AND VENUE</u>

5.     The Court has jurisdiction over this declaratory judgment action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201(a) and 2202, as well as under 28 U.S.C. §§ 1331, 1367(a) and 1338(a) and (b), and the Lanham Act, 15 U.S.C. § 1121.

6.     The Court has personal jurisdiction over Defendants because, on information and belief, Defendants solicit and transact business in the State of Ohio, within this judicial district.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

<u>FACTS</u>

<u>VICTORIA'S SECRET'S BUSINESS AND TRADEMARKS</u>

8.     Plaintiff Victoria's Secret owns and operates more than 1,000 VICTORIA'S SECRET retail stores nationwide.  Through its VICTORIA'S SECRET stores, as well as the Victoria's Secret Catalog, and the VS website, www.victoriassecret.com, VS sells a wide range of women's intimate and other apparel, and beauty and personal care products and accessories. Victoria's Secret sells products using the famous VICTORIA'S SECRET trademark and trade name, as well as numerous sub-brands, trademarks and trade names.

9.     Beginning as early as 2001, VS has used the trademark VICTORIA'S SECRET PINK in connection with a variety of products, including women's intimate and other apparel, and beauty and personal care products and accessories.

10.     Over the years, VS has actively used, promoted and registered a growing family of trademarks and trade names comprised or consisting in part of the term "PINK" (hereafter the "VICTORIA'S SECRET PINK Marks" or "VICTORIA'S SECRET PINK Brand").

11.     For example, a section of the Victoria's Secret website promotes the "PINK NATION," an online community providing members with access to special offers and events.

Customers may also join the PINK NATION by downloading iPad and phone "apps," gaining access to additional branded experiences, activities, interactions and ecommerce opportunities. Over three million fans have downloaded the PINK NATION app for iPad, iPhone and Android; altogether, the PINK NATION has over 7.3 million registered members and is growing daily.

12.    Plaintiff has extensively promoted the VICTORIA'S SECRET PINK Brand in social media, including on Facebook, where the brand has over 13.8 million "likes."  In addition, since as early as 2006, popular, national publications such as *Seventeen*, *People*, and *Cosmopolitan* have featured VICTORIA'S SECRET PINK branded products in fashion editorials, and the VICTORIA'S SECRET PINK Brand has been covered in mainstream news and business publications including *The New York Times*, *Newsday*, *The Boston Herald*, *The Chicago Sun-Times* and *The Columbus Dispatch*, among others.

13.    Plaintiff has prominently featured its VICTORIA'S SECRET PINK branded products in the Victoria's Secret Fashion Show, an annual television broadcast on the CBS network that has become one of the most anticipated fashion events of the year, boasting viewership of more than ten million in recent years.  Plaintiff also actively promotes its VICTORIA'S SECRET PINK Brand on college campuses throughout the country, with the assistance of more than 100 campus representatives, and by organizing promotional events featuring high profile musical acts and other celebrities.

14.    Plaintiff's VICTORIA'S SECRET PINK branded products are sold in VICTORIA'S SECRET stores, including in dedicated store sections using the VICTORIA'S SECRET PINK Brand.  Plaintiff's store signage and window displays oftentimes present its VS retail locations as VICTORIA'S SECRET PINK branded or featuring VICTORIA'S SECRET PINK branded merchandise.  In addition, Plaintiff operates dozens of standalone retail stores

using the VICTORIA'S SECRET PINK Brand. (Together, the outlets where Plaintiff's VICTORIA'S SECRET PINK branded merchandise is available are referred to as the "VICTORIA'S SECRET PINK Locations.")

15.     As a result of these promotional efforts, and VS' commitment to providing high quality goods and services, Plaintiff's VICTORIA'S SECRET PINK Brand has become a dominant lifestyle brand targeting college girls and celebrating campus life. In December 2012, the fashion trade journal Women's Wear Daily ranked Plaintiff's VICTORIA'S SECRET PINK Brand among the Top 100 most recognized fashion brands in the U.S., based on a survey of women aged 13 to 64, at # 94. (In the same survey, Plaintiff's VICTORIA'S SECRET brand was ranked as the # 1 most recognized fashion brand in the country.)

16.     Products bearing Plaintiff's VICTORIA'S SECRET PINK Marks have been very successful, yielding sales in excess of $7 billion through 2013. Sales of products bearing the VICTORIA'S SECRET PINK Marks now exceed $1.5 billion annually.

17.     Victoria's Secret owns the following U.S. federal registrations and applications for its VICTORIA'S SECRET PINK Marks (the "VICTORIA'S SECRET PINK Registrations/Applications"):

| Registration or Application No. | Mark | Registration Date | Class(es) |
|---|---|---|---|
| 2,820,380 | VICTORIA'S SECRET PINK | Mar. 2, 2004 | 25 |
| 2,992,758 | VICTORIA'S SECRET PINK | Sept. 6, 2005 | 25 |
| 3,226,760 | VICTORIA'S SECRET PINK | April 10, 2007 | 20, 24 |
| 3,234,287 | PINK DOG | April 24, 2007 | 25 |
| 3,386,282 | PHI BETA PINK | Feb. 19, 2008 | 24, 25 |
| 3,502,263 | VICTORIA'S SECRET PINK | Sept. 16, 2008 | 35 |
| 3,520,974 | VICTORIA'S SECRET PINK | Oct. 21, 2008 | 3 |
| 3,544,100 | DRENCHED IN PINK | Dec. 9, 2008 | 3 |
| 3,565,927 | PINK IS LIFE | Jan. 20, 2009 | 35 |
| 3,631,914 | SQUEAKY PINK | June 2, 2009 | 3 |
| 3,665,102 | PINK UNIVERSITY | Aug. 4, 2009 | 16, 18, 25 |
| 3,726,618 | PINK ME UP | Dec. 15, 2009 | 3 |

| Registration or Application No. | Mark | Registration Date | Class(es) |
|---|---|---|---|
| 3,729,795 | PINK NATION | Dec. 22, 2009 | 35 |
| 3,750,738 | PINK U | Feb. 16, 2010 | 25 |
| 3,782,747 | LIVE PINK | April 27, 2010 | 3 |
| 3,805,362 | LOVE PINK ♥ VICTORIA'S SECRET | June 22, 2010 | 25 |
| 3,840,101 | PINK ♥ NATION | Aug. 31, 2010 | 35 |
| 3,853,421 | LIFE IS PINK | Sept. 28, 2010 | 3 |
| 3,883,774 | HOPE PINK | Nov. 30, 2010 | 3 |
| 3,940,420 | Word portion: 1986 PINK NATION VICTORIA'S SECRET PINK NATION | Apr. 5, 2011 | 35 |
| 3,992,764 | VICTORIA'S SECRET PINK | July 12, 2011 | 25 |
| 3,993,100 | I ONLY SLEEP IN PINK | July 12, 2011 | 25 |
| 4,010,593 | ALOHA PINK | Aug. 9, 2011 | 3 |
| 4,061,503 | HOT FOR PINK | Nov. 22, 2011 | 3 |
| 4,061,574 | MAKE ME PINK | Nov. 22, 2011 | 3 |
| 4,061,578 | FOREVER PINK | Nov. 22, 2011 | 3 |
| 4,097,199 | GIVE A LITTLE PINK | Feb. 7, 2012 | 3 |
| 4,097,220 | MERRY MERRY PINK | Feb. 7, 2012 | 3 |
| 4,164,695 | OH WHAT FUN IS PINK | June 26, 2012 | 3 |
| 4,219,269 | PINK BEACH | Oct. 2, 2012 | 3 |
| 4,336,625 | LIFE IS PINK IS LIFE | May 21, 2013 | 35 |
| 85792915 | PINK | | 25, 35 |
| 85792922 | PINK | | 25, 35 |
| 85497677 | PINK CAMPUS | | 25 |
| 85256919 | EAU DE PINK | | 3 |
| 85344188 | PINK SHOW OFF | | 3 |
| 85250603 | I ONLY WEAR PINK | | 3 |
| 86073380 | LOVE PINK | | 3 |
| 86076695 | PINK VACAY | | 3 |

18.    The VICTORIA'S SECRET PINK Marks are a valuable, growing and global brand asset for VS.  VS owns more than three hundred registrations around the world for its

VICTORIA'S SECRET PINK Marks.  These registrations span 89 different countries / jurisdictions, and include International Registrations, European Community registrations, U.K. registrations, United States registrations, and many more.

19.     To Plaintiff's knowledge, neither its use nor its registration of the VICTORIA'S SECRET PINK Marks has ever caused an instance of consumer confusion as to the source or affiliation of any of its products or services.

### THOMAS PINK'S BUSINESS AND TRADEMARKS

20.     On information and belief, Defendant Thomas Pink began doing business in London in or about 1986, selling men's dress shirts.  The company is named for an 18th century tailor who designed hunting coats, and Defendants continue to use a "cheeky fox" mascot as a branding element, intended to serve as a reminder of Thomas Pink's claimed "tradition of excellence" for "meticulously crafted shirts."  Thomas Pink's flagship store is located on Jermyn Street in London, home of traditional British shirt-making.

21.     On information and belief, over the years, Thomas Pink has expanded the range of products it offers to include women's shirts, among other things, but men's dress shirts remain the primary focus of Thomas Pink's business, and constitute a significant majority of its revenues.

22.     All of Defendants' products are directed particularly to the higher price end of the market.

23.     In the U.S., Defendants sell their products through owned stores, in branded sections of third party retailers, such as Macy's (together the "Thomas Pink Locations"), and through what they call "the largest Thomas Pink store of all"—its website, www.thomaspink.com.

24. On information and belief, Defendants have never offered women's intimate apparel, or beauty or personal care products in the U.S., and have no intention of offering such products in the U.S. in the future.

25. On information and belief, Thomas Pink owns U.S. federal trademark Registration Nos. 2,429,601 for THOMAS PINK (Classes 14, 18, 21, 24, 25, 26 and 35); 3,199,280 for PINK THOMAS PINK JERMYN STREET LONDON Logo (Classes 14, 18, 25 and 35); and 3,207,031 for THOMAS PINK (Class 3). Further, in May 2013, Thomas Pink sought to extend protection for three "PINK" related marks to the United States, based on corresponding International Applications ultimately premised on United Kingdom applications. Application Nos. 79140091 for the PINK THOMAS PINK JERMYN STREET LONDON logo, 79140090 for the stylized PINK wording, and 79140566 for THOMAS PINK are now pending at the USPTO.

### A DECADE OF COEXISTENCE

26. The Parties have been aware of one another, and their mutual use and registration of their respective trademarks, since at least as early as 2005. Between August 16 and September 28, 2005, counsel for the Parties corresponded concerning their respective rights with regard to the term "PINK." There were no further communications between the Parties on this issue until the filing of the U.K. Action.

27. The Parties have mutually sold their products online for many years, without conflict or confusion of any kind.

28. Many of the Parties' respective retail Locations are in close physical proximity to one another, in the same cities, the same business districts, and in some instances the same mall complexes.

29.     Despite the physical proximity of the Parties' respective retail Locations, and their mutual sales of many millions of dollars in merchandise over many years' time, on information and belief, Defendants have never experienced even a single instance of consumer confusion as between the Parties' respective trademarks, products, services or businesses.

30.     Defendants did not oppose any of the VICTORIA'S SECRET PINK Registrations noted above.

### THE U.K. ACTION

31.     Thomas Pink filed and served the U.K. Action on May 10, 2013, without prior notice to Plaintiff or Victoria's Secret UK Limited.

32.     In the U.K. Action, Thomas Pink seeks injunctive relief barring VS' use of its VICTORIA'S SECRET PINK Marks in the United Kingdom and throughout the countries of the European Union.

33.     Victoria's Secret UK Limited filed a Defence in the U.K. Action, denying the salient allegations made against it, and raising a Counterclaim.  Thomas Pink filed a Reply and Defence to VS' Defence and Counterclaim.

34.     On VS' motion, the U.K. Action was moved to the High Court on October 14, 2013.  As part of the transfer, a mandatory mediation session was held in the U.K. Action on November 19, 2013.  The U.K. Action is now moving forward, with a trial date set for the week of June 23, 2014.

35.     VS' retail stores in the U.K. are branded in substantially the same way as its U.S. outlets, using the same type of signage.  VS sells the same products in the U.S. and the U.K., marked in substantially the same way, and sold to the same female customer demographic in both countries.

36.     The British and American standards for determining trademark infringement and unfair competition/passing off are essentially the same. Both systems use the "likelihood of confusion" standard, a function of various factors including the marks themselves, the goods in issue, the channels of trade used, and the target consumers, among others. Both systems place a high evidentiary value on proven instances of "actual confusion" in determining the likelihood of confusion.

37.     In its pleadings in the U.K. Action, Thomas Pink has alleged that actual confusion has occurred in the U.S.

### THE "PINK" OPPOSITIONS

38.     Subsequent to filing the U.K. Action, Thomas Pink expanded its cross-border aggressiveness into a global "PINK War," by opposing at least sixteen of VS' applications to register seven different versions of its VICTORIA'S SECRET PINK Marks in foreign countries, as follows:

| Mark | Country | Date of Extension of Time to Oppose or Date of Opposition |
| --- | --- | --- |
| PINK (dog and wreath logo) | CTM | Opposed June 5, 2013 |
| PINK (dog and wreath logo) | Philippines | Extension of time to oppose filed July 9, 2013; Opposition filed on or about September 8, 2013 |
| PINK (outlined) | Hong Kong | Opposed July 23, 2013 |
| PINK (outlined) | CTM | Opposed August 6, 2013 |
| PINK | CTM | Opposed August 6, 2013 |

| Mark | Country | Date of Extension of Time to Oppose or Date of Opposition |
|------|---------|-----------------------------------------------------------|
| PINK | Singapore | Extension of time to oppose granted August 21, 2013; opposed October 21, 2013 |
| LOVE PINK | Cyprus | Opposed on or about September 10, 2013 |
| LIFE IS PINK IS LIFE | UK | Opposed on October 2, 2013 |
| LOVE PINK | Argentina | Opposed on or before October 15, 2013 |
| PINK | Brazil | Opposed on or before October 21, 2013 |
| PINK | Brazil | Opposed (in additional class) on or before October 22, 2013 |
| LOVE PINK | Chile | Opposed on or before October 22, 2013 |
| LOVE PINK | CTM | Opposed on or before October 22, 2013 |
| LIFE IS PINK IS LIFE | CTM | Opposed on or before October 22, 2013 |
| LOVE PINK ♥ | South Korea | Opposed on or before October 28, 2013 |
| PINK YOGA | South Korea | Opposed on or before October 28, 2013 |

39. Prior to these actions, Thomas Pink had never opposed any of VS' trademarks applications anywhere in the world.

40. VS owns existing registrations for its VICTORIA'S SECRET PINK Marks in each of the jurisdictions where Thomas Pink has now filed oppositions.

41. Thomas Pink's various opposition attacks are not limited to the U.K. or countries of the European Union.

42. On information and belief, Thomas Pink is monitoring some or all of VS' U.S. Applications.

43. Thomas Pink's various opposition attacks threaten and jeopardize VS' global interests in its VICTORIA'S SECRET PINK Brand, including in the United States, VS' home country and primary market.

11

44. Based on all the circumstances discussed above, VS anticipates that at any moment Thomas Pink will file an unannounced infringement suit against VS in the United States federal district court of its choosing, in parallel to the U.K. Action and the various opposition attacks around the world.

45. Based on all the circumstances addressed above, VS has a real and reasonable apprehension of U.S. litigation with regard to the same trademarks and issues involved in the U.K. Action and the various opposition proceedings.

46. There is no likelihood of confusion as to the source or affiliation of the Parties' respective products, services, businesses, or trademarks.

COUNT I

DECLARATORY JUDGMENT FOR NON-INFRINGEMENT
OF TRADEMARK

47. Victoria's Secret repeats the allegations contained in paragraphs 1 through 46 of this complaint, as if fully set forth herein.

48. A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular VS' past and continued use and registration of its VICTORIA'S SECRET PINK Marks.

49. Victoria's Secret and Defendants have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

50. Victoria's Secret seeks a declaratory judgment that its past and continued use and registration of its VICTORIA'S SECRET PINK Marks is not intended to or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services or businesses, under the Lanham Act, Ohio trademark common law, or Ohio statutory law, including but not limited to R.C. § 4165.01 *et seq*.

51.    Victoria's Secret further seeks a declaratory judgment that its past and continued use and registration of the VICTORIA'S SECRET PINK Marks has not and does not jeopardize the goodwill, if any, symbolized by Thomas Pink's registered trademarks, nor does it cause any other injury to Defendants under the Lanham Act, Ohio trademark common law, or Ohio statutory law, including but not limited to R.C. § 4165.01 *et seq.*

**COUNT II**

**DECLARATORY JUDGMENT – NO UNFAIR COMPETITION**
**15 U.S.C. § 1125(a) and Ohio Law**

52.    Victoria's Secret repeats the allegations contained in paragraphs 1 through 51 of this complaint, as if fully set forth herein.

53.    A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular VS' past and continued use and registration of its VICTORIA'S SECRET PINK Marks and trade names.

54.    Victoria's Secret and Defendants have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

55.    Victoria's Secret seeks a declaratory judgment that its past and continued use and registration of the VICTORIA'S SECRET PINK Marks and trade names is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, and does not unfairly compete with Defendants, under the Lanham Act, Ohio unfair competition common law, or Ohio statutory law, including but not limited to R.C. § 4165.01 *et seq.*

56.    Victoria's Secret further seeks a declaratory judgment that its past and continued use and registration of the VICTORIA'S SECRET PINK Marks and trade names has not and

13

does not cause any injury to Defendants under the Lanham Act, Ohio unfair competition common law, or Ohio statutory law, including but not limited to R.C. § 4165.01 *et seq.*

**COUNT III**

**DECLARATORY JUDGMENT FOR DETERMINATION OF
NO FALSE DESIGNATION OF ORIGIN
15 U.S.C. § 1125(a)**

57. Victoria's Secret repeats the allegations contained in paragraphs 1 through 56 of this complaint, as if fully set forth herein.

58. A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular VS' past and continued use and registration of its VICTORIA'S SECRET PINK Marks and trade name.

59. Victoria's Secret and Defendants have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

60. Victoria's Secret seeks a declaratory judgment that that its past and continued use and registration of the VICTORIA'S SECRET PINK Marks and trade names is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation, or as to the origin, sponsorship or approval of the Parties' respective products, services, or businesses, and does not constitute a false designation of origin, under the Lanham Act, 15 U.S.C. § 1125(a).

61. Victoria's Secret further seeks a declaratory judgment that its past and continued use and registration of the VICTORIA'S SECRET PINK Marks has not and does not jeopardize the goodwill, if any, symbolized by Thomas Pink's registered or unregistered trademarks, nor does it cause any other injury to Defendants under the Lanham Act, 15 U.S.C. § 1125(a).

COUNT IV

### DECLARATORY JUDGMENT ON EQUITABLE GROUNDS

62.     Victoria's Secret repeats the allegations contained in paragraphs 1 through 61 of this complaint, as if fully set forth herein.

63.     Defendants have been fully aware of VS' use, promotion and registration of its growing family of VICTORIA'S SECRET PINK Marks and trade names, since at least as early as August, 2005.

64.     Until the filing of the U.K. Action, Defendants did not raise any issue with respect to VS' use, promotion or registration of its growing family of VICTORIA'S SECRET PINK Marks and trade names, in any jurisdiction, for nearly eight years.

65.     Victoria's Secret relied on Defendants' silence and inaction in using, promoting and registering its growing family of VICTORIA'S SECRET PINK Marks and trade names.

66.     Victoria's Secret  would be unfairly prejudiced by any attempt by Defendants to institute any action or proceeding with respect to VS' use or registration of VICTORIA'S SECRET PINK Marks or trade names in connection with its business.

67.     Defendants are barred from objecting to, or instituting any action or proceeding with respect to, VS' use or registration of VICTORIA'S SECRET PINK Marks or trade names in connection with its business, based on laches, acquiescence, estoppel and/or other equitable principles.

## PRAYER FOR RELIEF

**WHEREFORE**, Victoria's Secret prays for a declaratory judgment that:

A.     Victoria's Secret's past, present and continued use and registration of VICTORIA'S SECRET PINK Marks and trade names in connection with its business does not and will not infringe any of Thomas Pink's trademark or trade name rights, or compete unfairly with Defendants, or falsely designate the origin of Victoria's Secret's products or services, or otherwise constitute a violation of any of Defendants' rights;

B.     Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with them, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Victoria's Secret, or any of its affiliates, or anyone in privity with them, with respect to Victoria's Secret's use or registration of any VICTORIA'S SECRET PINK Mark or trade name in connection with its business; and

C.     Victoria's Secret have such other and further relief as the Court may deem just and proper.

Respectfully submitted by:

/s/ Keith Shumate

Dated: January 14, 2014

Keith Shumate  (0056190)
Heather Stutz  (0078111)
Squire Sanders (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
614.365.2700
keith.shumate@squiresanders.com
heather.stutz@squiresanders.com

Kevin C. Parks
Michelle L. Zimmermann
(pending admission *pro hac vice*)

Leydig, Voit & Mayer, Ltd.
180 North Stetson
Two Prudential Plaza, Suite 4900
Chicago, Illinois
312.616.5669
kparks@leydig.com
mzimmermann@leydig.com

*Attorneys for Plaintiff*
VICTORIA'S SECRET STORES BRAND
MANAGEMENT, INC.

<u>**VERIFICATION**</u>

  Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the allegation in the foregoing Verified Complaint for Declaratory Judgment are true and correct to the best of my knowledge.

  Executed on January 14, 2014

              _____
              Joseph Quigley
              Vice President, Intellectual Property
              Victoria's Secret Stores Brand
                Management, Inc.